UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| In re:<br><br>**Michael D. Berube, Sr.**,<br><br>　　　Debtor.<br><br>**Cynthia B. Berube**,<br><br>　　　Plaintiff<br>　　v.<br><br>**Michael D. Berube, Sr.**,<br><br>　　　Defendant. | Chapter 13<br><br>Case No. 14-20232<br><br><br><br>Adv. Pro. No. 14-2015 |

## DECISION

This case deals with a recurring problem former spouses encounter when one of them ends up in bankruptcy court: can debt allocations and indemnifications arising from a divorce judgment survive discharge in a Chapter 13 bankruptcy? That question is posed by plaintiff Cynthia B. Berube's complaint seeking a finding that certain obligations of her ex-husband, debtor/defendant Michael D. Berube, Sr., be declared non-dischargeable domestic support obligations under 11 U.S.C. §523(a)(5).[1][2] For the reasons set forth here, I conclude that these

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended.

[2] Although the amended adversary complaint (Docket Entry "DE" 3) and the joint pretrial order (DE 8) listed a second issue regarding the dischargeability of $2,160 in attorney's fees and expenses which the divorce court ordered Mr. Berube to pay to Ms. Berube, on January 9, 2015, the parties stipulated that the $2,160 obligation was a non-dischargeable debt. DE 25.

1

obligations are not domestic support obligations as defined by §101(14A) and are dischargeable upon Mr. Berube's completion of all payments required by his chapter 13 plan.

## I. JURISDICTION AND VENUE.

The bankruptcy court has jurisdiction of this case pursuant to 28 U.S.C. §1334 and the general order of reference entered in this district pursuant to 28 U.S.C. §157(a); D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. §1409(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2)(I).

## II. BURDEN OF PROOF.

Ms. Berube bears the burden of proving that the debts at issue are in the nature of domestic support obligations and are non-dischargeable in a Chapter 13 case. *See* Russell, *Bankruptcy Evidence Manual*, 2014 Ed., §301.58. To prevail, Ms. Berube must meet this burden by a preponderance of the evidence. *Id.*

## III. FACTS.[3]

Mr. and Ms. Berube were divorced in 2012 by a judgment of the Maine District Court. The judgment, which was based upon an oral agreement of the Berubes, divided their property, allocated their debt, and awarded spousal support of $1,000 per month to Ms. Berube. Specifically, it provided:

> 6. **Debts.** *In light of the disproportionate earnings and earning capacities of the parties (even taking into consideration the award of general spousal support made hereafter) and the award of the aforementioned marital residence and its equity to* [Mr. Berube]*,* [Mr. Berube] *shall be responsible for payment of any **joint** obligations that remain unpaid. Those joint obligations shall include the Camden National Bank (Card Member Services) credit card, Best Buy, Wells Fargo credit card and Northeast FCU credit card.*

---

[3] My factual findings are based on the testimony of Mr. and Ms. Berube who were the only witnesses at trial, the exhibits which were admitted without objection, and the uncontested allegations in the pleadings.

2

> *The two parent loans for the parties' children's education, which loans were taken out in Plaintiff's name, shall also be* [Mr. Berube]*'s sole responsibility to repay* […]
>
> *Each party will hold the other harmless from any debt for which he or she is responsible pursuant to this Divorce Judgment. In the event of the bankruptcy filing by either party, the responsibility for debts allocated hereby shall be considered in the nature of a domestic support obligation.*
>
> *9.* **Spousal Support.** *This is a case in which spousal support is appropriately considered. The parties have a long term marriage (over 31 years) for purposes of determining spousal support under 19-A M.R.S.A. §951-A. The court has taken into account the statutory factors set forth in §951-A(5) in light of the particular facts and circumstances present in this case and has determined that an award of general spousal support is fair, just and equitable*[. . .] [Mr. Berube] *shall pay general spousal support to plaintiff in the amount of $1000 per month commencing October 1, 2012. This award shall be modifiable based upon a substantial change in circumstances.* [Bold in the original].

Mr. Berube did not pay the parties' joint obligations to Camden National Bank, Best Buy, Wells Fargo, Northeast FCU, or the student loans as required by paragraph six of the divorce judgment (collectively, the "Divorce Obligations"), and in March of 2014, the state court ordered him to cure the arrearage on these debts and to pay Ms. Berube's counsel fees and expenses of $2,160.

Mr. Berube did not cure the arrearages owed on the Divorce Obligations and he filed for bankruptcy relief on April 2, 2014.

Ms. Berube commenced this adversary proceeding shortly thereafter.

**IV. DISCUSSION.**

Ms. Berube asks me to determine that this bankruptcy action will not discharge Mr. Berube's obligation to pay or to indemnify her from the Divorce Obligations. Though a successfully competed chapter 13 plan will lead to the discharge of many debts, §523(a) excludes certain debts from discharge, including, in particular, debts "for a domestic support obligation." §523(a)(5). For purposes of this case, a "domestic support obligation" is: (a) a debt

3

owed to or recoverable by Ms. Berube; (b) in the nature of alimony, maintenance, or support of Ms. Berube regardless of how the state court designated it; and (c) established by an agreement incorporated into the divorce judgment. §101(14A).[4] "In order to be excepted from discharge, then, the debt must meet all three prongs of the §523(a)(5) test . . ." *Epstein v. Defilippi (In re Defilippi)*, 430 B.R. 1, 3 (Bankr. D. Me. 2010) (citations omitted). There is no dispute between the parties as to the first and third prongs. The Divorce Obligations are owed to Ms. Berube, and are established by an agreement in the divorce judgment. The only issue here is whether these obligations are in the nature of alimony, maintenance or support.

To resolve this matter I must apply federal principles. *See Werthen v. Werthen (In re Werthen)*, 329 F.3d 269, 272 (1st Cir.2003); *Dressler v. Dressler (In re Dressler)*, 194 B.R. 290,

---

[4] §101(14A) of the Code provides:

The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

4

295 (Bankr. D.R.I. 1996). In the First Circuit, the Divorce Obligations must provide for the care or upkeep of Ms. Berube in order to qualify as domestic support obligations and be excepted from discharge. *See Smith v. Pritchett (In re Smith)*, 398 B.R. 715, 721 (B.A.P. 1st Cir. 2008) *aff'd*, 586 F.3d 69 (1st Cir. 2009); *In re Werthen*, 329 F.2d at 273; *In re Efron*, 495 B.R. 166, 174 (Bankr. D.Pr. 2013). The state court's designation of the award is not controlling; in other words, simply labelling a payment or obligation as "in the nature of support" does not make it so. "Instead, the critical issue is whether the state court which entered the divorce decree and the parties who entered into a divorce agreement intended the award to serve as support or as something else, such as a division of jointly owned property. How the award in fact functioned does not necessarily reflect how it was intended to function, although it may be evidence of the court's or the parties' intent." *In re Smith*, 398 B.R. at 721 (internal citations, quotations and footnotes omitted).

To determine whether the Berubes and the state court intended the Divorce Obligations to be in the nature of support, I must engage in a "fact intensive" examination of the totality of circumstances "that existed at the time the obligation was created." *In re Smith*, 398 B.R. at 722; *In re Gambale*, 512 B.R. 117, 123; (Bankr. D.N.H. 2014); *In re Efron*, 495 B.R. at 176. The Divorce Obligations were created by the language of the divorce judgment and though I am not bound by the state court's characterization of the obligations in my determination of whether the Divorce Obligations are actually domestic support obligations, examining it helps to plumb the intentions of the Berubes and the state court.

The divorce judgment consists of ten separately enumerated sections, seven of which address property and debt allocations[5], including paragraph six, entitled "Debts", which creates

---

[5] "In a [Maine] divorce, the parties' responsibility for marital debt is subject to allocation or division in accordance with 19–A M.R.S. § 953 (2012) in the same manner as marital property. *Hess,* 2007 ME 82, ¶ 15, 927 A.2d 391

5

the Divorce Obligations. Paragraph nine of the judgement, entitled "Spousal Support", considers the state statutory factors required for a determination of support and awards monthly payments to Mrs. Berube. It does not mention the Divorce Obligations and it is the only section of the judgment, other than the reference in paragraph six that the Divorce Obligations "will be considered" in the nature of domestic support obligations if one of the parties files for bankruptcy relief. I find this telling as respects the parties' intentions.

By agreement, the state court imposed the Divorce Obligations on Mr. Berube "[i]n light of the disproportionate earnings and earnings capacities of the parties (even taking into consideration the award of general spousal support made hereafter) and the award of the […] marital residence and its equity" to him. This language reflects the factors that the Maine Legislature instructed the court to consider when allocating property and debt incident to the Berube's divorce. 19A M.R.S.A. §953(1)(C).[6] In contrast, prior to determining that the imposition of a $1,000 per month spousal support payment was fair, just and equitable, the state court specifically applied the broad statutory factors set forth in 19-A M.R.S.A. §951-A (5)[7],

---

(holding that "property, including marital debt," is divided pursuant to section 953(1))." *Finucan v. Williams*, 73 A.3d 1056, 1061 (Me. 2013). In other words, debt allocations in the divorce context are a facet of property distributions. *See Lesko v. Stanislaw*, 86 A.3d 14, 22 (Me. 2014).

[6] 19-A M.R.S.A. §953 [Disposition of property] provides:

> *1. Disposition.* In a proceeding for a divorce […], the court shall set apart to each spouse the spouse's property and shall divide the marital property in proportions the court considers just after considering all relevant factors, including:
>
>> A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
>> B. The value of the property set apart to each spouse; and
>> C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live in the home for reasonable periods to the spouse having custody of the children.

[7] 19-A M.R.S.A. §951-A [Spousal support] provides:

6

including the ages of the parties, the length of their marriage, their present jobs, their employment histories, and their income. No such analysis undergirded the imposition of the Divorce Obligations.

There are further distinctions between the Divorce Obligations and the spousal support award. In order to qualify as support under Maine law, a divorce order must state the type of support awarded, the method of payment, whether it is modifiable, and the factors the court relied upon in imposing the support obligation. Maine law provides for five types of support: general, transitional, reimbursement, nominal and interim. 19A M.R.S.A. §951-A(2). Although the divorce judgment specifically designated $1,000 per month as "general spousal support", the Divorce Obligations are not classified as any of the statutory support categories. In addition, the support obligations of paragraph nine are modifiable upon a change of circumstances and the

---

> 5. **Factors.** The court shall consider the following factors when determining an award of spousal support:
>
>> A. The length of the marriage;
>> B. The ability of each party to pay;
>> C. The age of each party;
>> D. The employment history and employment potential of each party;
>> E. The income history and income potential of each party;
>> F. The education and training of each party;
>> G. The provisions for retirement and health insurance benefits of each party;
>> H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
>> I. The health and disabilities of each party;
>> J. The tax consequences of a spousal support award;
>> K. The contributions of either party as homemaker;
>> L. The contributions of either party to the education or earning potential of the other party;
>> M. Economic misconduct by either party resulting in the diminution of marital property or income;
>> N. The standard of living of the parties during the marriage;
>> O. The ability of the party seeking support to become self-supporting within a reasonable period of time;
>> P. The effect of the following on a party's need for spousal support or a party's ability to pay spousal support:
>>> (1) Actual or potential income from marital or nonmarital property awarded or set apart to each party as part of the court's distributive order pursuant to section 953; and
>>> (2) Child support for the support of a minor child or children of the marriage pursuant to chapter 63; and
>>
>> Q. Any other factors the court considers appropriate.

court retained jurisdiction and authority to do so. 19-A M.R.S.A. §951-A(4). There was no such reservation for the modification of the Divorce Obligations in paragraph six and, as a general rule, property and debt allocations are final and cannot be modified absent relief under Rule 60(b). *See King v. King*, 66 A.3d 593, 597 (Me. 2013); *Merrill v. Merrill*, 449 A.2d 1120, 1124 (Me. 1982). As a whole, the Divorce Obligations created by the judgment lack essential indicia of support obligations.

For these reasons, I find that the language and structure of the judgment reflects the intention of the Berubes that the Divorce Obligations be treated as property and debt allocations rather than in the nature of support.

The testimony of the parties at the March 5, 2015 hearing buttresses this conclusion. Ms. Berube testified that she originally sought $1,500 a month in spousal support and only agreed to accept a lesser amount ($1,000 per month) because Mr. Berube agreed to be responsible for the Divorce Obligations. She also testified that her income at the time of the divorce (including the $1,000 per month of spousal support) was not sufficient for her to pay the Divorce Obligations. Mr. Berube testified that he agreed to the $1,000 per month support payment and agreed to be responsible for the Divorce Obligations. Despite being aware of the bankruptcy reference in paragraph six of the divorce judgment, Mr. Berube said he did not know what that meant. Based on this testimony, it is not clear whether Mr. Berube's payment of the Divorce Obligations was necessary for Ms. Berube's support. While it is undisputed that Ms. Berube could not afford to make the payments required by the Camden National Bank, Best Buy, Wells Fargo, and Northeast FCU credit cards or the student loans, nothing in the testimony at trial supports her burden to prove that Mr. Berube's assumption of, and indemnification for, the Divorce Obligations amounts to spousal support for her.

I can understand how this decision will be frustrating for Ms. Berube. It is likely that it makes no difference to her what the judgment calls the particulars of her agreement with Mr. Berube: whether it be monthly spousal support or whether it is responsibility for the monthly payment of debts. The bottom line is that she requires a certain amount of money to pay for her support, maintenance, and debts. If Mr. Berube is allowed to discharge his obligations to pay and to hold her harmless from the various credit cards and student loans, her financial circumstances may be in peril and she may be forced to consider other relief.[8] Unfortunately for Ms. Berube in this instance, Congress enacted the Code in such a way that Mr. Berube has the right to choose to file for bankruptcy relief under Chapter 13 and to discharge obligations - incident to a divorce which are not in the nature of support. Though this might seem illogical to Ms. Berube as it has to others[9], it is the law and I am required to apply it.

Therefore, based on the foregoing, I find that Ms. Berube did not meet her burden of establishing by a preponderance of the evidence that Mr. Berube's obligations to pay and to indemnify and hold her harmless from the Camden National Bank, Best Buy, Wells Fargo, and Northeast FCU credit cards and the student loans are non-dischargeable obligations under §523(a)(5). Judgment shall enter in favor of Mr. Berube on the complaint.

---

[8] Although there appears to be no controlling authority on the issue in Maine, other jurisdictions have found that a discharge of debts in bankruptcy constitute a change in circumstances warranting a modification of an award of spousal support. *See In re Reak*, 92 B.R. 804, 806 (Bankr. E.D. Wis. 1988) (noting ability of family court to modify support obligations after payor's discharge in bankruptcy); *In re Danley*, 14 B.R. 493, 495 (Bankr. D.N.M. 1981) (clarifying discharge of debts constitutes change in financial condition); *Siragusa v. Siragusa*, 108 Nev. 987, 996, 843 P.2d 807, 813 (1992) (concluding discharged property settlement obligations amount to changed circumstances); *Hopkins v. Hopkins*, 487 A.2d 500, 504 (R.I. 1985) (bankruptcy discharge of debts constitutes substantial change in circumstance).

[9] *See In re Werthen*, 329 F.3d at 274. "It is no accident that the 1970 Commission on Bankruptcy Laws of the United States recommended that the line-drawing approach between alimony and property division be abandoned."

9

Dated: July 6, 2015

/s/ Peter G. Cary
Hon. Peter G. Cary, Judge
United States Bankruptcy Court
for the District of Maine